IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PIERRE HICKS, *et al*, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 17-258 |
| CARRIE M. WARD, *et al*, | * | |
| Defendants. | * | |

\*\*\*\*\*\*

# MEMORANDUM OPINION

This Memorandum Opinion addresses the pending Motions to Dismiss filed by Defendants Alex Cooper Auctioneers Inc. (ACAI) and Sara Tussey, ECF No. 7, and Carrie M. Ward, Howard N. Bierman, Jacob Geesing, Pratima Lele, Joshua Coleman, Richard R. Goldsmith, Jr., Ludeen McCartney-Green, Jason Kutcher, Elizabeth C. Jones, John E. Discoll, David K. McCloud, and Nicholas Derdock (collectively "Substitute Trustees"); Christina Williamson and Christopher Haresign (collectively "BWW Law"), ECF No. 10. The issues are fully briefed, and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons stated below, the Defendants' motions are GRANTED and the Court shall DISMISS this case with prejudice.

**I. BACKGROUND**

Due to the ambiguity of Plaintiffs' operative Complaint, this factual background is based on the Amended Complaint and supplemented by the attachments to Plaintiffs' original complaint,[1] as well as the public record, which includes cases in the Circuit Court for Montgomery County, Maryland, and this Court.[2]

---

[1] While Plaintiffs attached a number of exhibits to their original complaint, they did not include them with their Amended Complaint. Because the Amended Complaint makes repeated references to these original attachments, the

1

Plaintiffs' Amended Complaint centers on the foreclosure of real property located at 10406 Damascus Park Lane, Damascus, Maryland 20872 (the "Property"). *See* ECF Nos. 1-3, 1-4. Plaintiffs executed a Deed of Trust and Note, secured by the Property, on December 20, 2006. ECF No. 10-3. Plaintiffs do not challenge the validity of the Deed of Trust and Note.

Following Plaintiffs' default on the Note in 2010, BWW Law group, LLC ("BWW Law") – then known as Bierman, Geesing, Ward & Wood, LLC – was retained to foreclose on the Property. On June 8, 2010, BWW Law, acting as substitute trustees, initiated a foreclosure action against the Property in the Circuit Court for Montgomery County, Maryland in *Jacob Geesing, et al v. Pierre Hicks, et al*, Case No. 333446-V (2011). Plaintiffs removed this case to this Court, but it was remanded, *see Jacob Geesing, et al v. Tanya Hicks, et al*, No. PJM 10-1731 (D. Md. Jan. 18, 2011). The Montgomery County Circuit Court then dismissed the action without prejudice. Docket, *Jacob Geesing, et al v. Pierre Hicks, et al*, Case No. 333446-V (2011).

On November 17, 2015, BWW Law initiated a new foreclosure action against the Property in the Circuit Court for Montgomery County, Maryland. *Carrie M. Ward, et al, v. Pierre Hicks, et al*, Case No. 411672-V (2016) (the "State Foreclosure Action"). Plaintiffs' challenges to the foreclosure were rejected by the Circuit Court, and a public foreclosure auction of the Property was effectuated on April 16, 2016 by Alex Cooper Auctioneers Inc. ("ACAI"). ECF No. 4 at ¶ 9.

---

Court will infer that Plaintiffs intended to include these exhibits with their Amended Complaint. A court may consider a document submitted by the movant that was not attached to the complaint or expressly incorporated therein, so long as the document was integral to the complaint and there is no dispute about the document's authenticity. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.2d 159, 166 (4th Cir. 2016).

[2] At the motion to dismiss stage, the court may consider matters of public records, and other similar materials that are subject to judicial notice. *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

On June 20, 2016, Plaintiffs attempted to remove the State Foreclosure Action to this Court based on Federal Debt Consumer Protection Act (FDCPA) defensive counterclaims, but the case was remanded to Montgomery Circuit Court on August 1, 2016. *BBW Law Group, LLC, et al, v. Pierre Hicks et al*, No. DKC 16-2218, 2016 WL 4078019 (D. Md. Aug. 1, 2016). Soon thereafter, Plaintiffs filed a complaint in this Court before the Honorable Paul W. Grimm. *See Pierre Hicks et al v. BWW Law Group et al*, PWG-16-2859, 2016 WL 5957556 (Oct. 13, 2016). The Complaint in the prior federal action closely mirrors the Amended Complaint here. In both, Plaintiffs allege nearly identical claims against similar defendants. *Id.*

On September 29, 2016, the Circuit Court for Montgomery County entered judgment in the State Foreclosure Action awarding possession of the property to Trustees. *Ward et al v. Tanya Hicks et al*, Case No. 411672V (2016). On October 3, 2016, Plaintiffs moved for injunctive relief before Judge Grimm, the claimed basis for which related to substantially similar FDCPA claims that the Plaintiffs now bring in the Amended Complaint. *Id. Hicks et al*, 2016 WL 5957556. On October 13, 2016, the Court denied Plaintiffs' motion because Plaintiffs could not demonstrate on the FDCPA claims likelihood of success on the merits and the requested relief would violate the Anti-Injunction Act. *Id.* (internal citation omitted). Plaintiffs ultimately withdrew the Complaint before Judge Grimm prior to his reaching the merits of the case. *See* Docket, *Hicks et al*, 2016 WL 5957556. Plaintiffs then noted an appeal of the State Foreclosure Action in the Maryland Court of Special Appeals, which the court dismissed on January 9, 2017 because Plaintiffs failed to brief the issues. *See Hicks v. Carrie M. Ward et al*, No. 1502 (2017).

On January 30, 2017, Plaintiffs filed their Complaint with this Court alleging violations of the FDCPA as to Defendants. *See* ECF No. 1. Plaintiffs filed an Amended Complaint, ECF No. 4, on March 6, 2017, adding Defendants Carrie M. Ward, Howard N. Bierman, Jacob

Geesing, Pratima Lele, Joshua Coleman, Richard R. Goldsmith, Jr., Ludeen McCartney-Green, Jason Kutcher, Elizabeth C. Jones, John E. Discoll, David K. McCloud, and Nicholas Derdock (collectively "Substitute Trustees"); Christina Williamson and Christopher Haresign (collectively "BWW Law"); Alex Cooper Auctioneers Inc. ("ACAI") and its counsel, Sara Tussey; Montgomery County Circuit Court judges Mary Beth McCormick, Karla Natasha Smith, Richard E. Jordan, Keith J. Rosa, John W. Debelius III, and Robert A. Greenberg; the Clerk of the Montgomery County Court, Barbara H. Meiklejohn; and Darren M. Popkin, Montgomery County Sherriff. ECF No. 4. The Amended Complaint brings various FDCPA claims and requests monetary damages and for the Court to vacate the judgment in the State Foreclosure Action.

On March 27, 2017, ACAI, Sara Tssey, Substitute Trustees, and BWW Law Defendants moved to dismiss the Amended Complaint in its entirety. ECF Nos. 7, 10. Plaintiffs responded on April 13, 2017, to which Substitute Trustees and BWW Law replied on April 27, 2017. On May 22, 2017, Plaintiffs filed an additional response and proposed order.

## II. DISCUSSION

In ruling on a motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].' " *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. " '[N]aked assertions of wrongdoing necessitate some 'factual enhancement' within the

complaint to cross 'the line between possibility and plausibility of entitlement to relief.' " Francis v. *Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed liberally to allow for the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), the Court must not ignore a clear failure in the pleadings to allege facts setting forth a cognizable claim. See *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." (internal citation omitted)). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

## III.　ANALYSIS

Plaintiffs' Amended Complaint asserts numerous violations of the Fair Debt Collection Practices Act (FDCPA), *see* Amended Compl, ECF No. 4, but their allegations are no more than a "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, and do not make a "showing . . . of entitlement to relief." *Id*. at 556 n.3. While the Amended Complaint cites specific sections of the FDCPA, Plaintiffs do not allege facts to substantiate their claims and frequently misstate the law. *See, e.g.,* Amended Compl., ECF No. 4 at 2–3. For example, Plaintiffs' assertions that the FDCPA grants the Plaintiffs the legal authority to find the Defendants liable without any judicial inquiry, *see, e.g.,* ECF No. 16 at ¶¶ 7–10, is without merit, as is the repeated assertion that the FDCPA grants consumers the right to independently assess damages on Defendants. *See e.g.,* Amended Comp., ECF No. 4 at 4 – 5, and ECF No. 16 at ¶¶ 1, 10 ("Under the FDCPA, there is no trial and no procedure. Consumers have found

Respondent(s) liable. Damages have been assessed pursuant to 1692(k). This is a judgement of the Consumers under the authority that's been recognized and given by Congress. It needs to be respected without argument. That's the Consumers order and declaration, and the Court needs to ratify that. The Court is granted leave to add to it, but not granted authority to take anything away from it."). However, because "pro se plaintiff[s] [are] general[ly] given more leeway than a party represented by counsel," *Bell v. Bank of America, N.A.*, Civ. A. No. RDB–13–478, 2013 WL 6528966, *1-2 (D. Md. 2013), and in hopes of resolving what has been a lengthy and litigious foreclosure process for many of the Defendants,[3] this Court will briefly address the substance of Plaintiffs' Amended Complaint.

The Amended Complaint is solely comprised of alleged FDCPA violations. Amended Compl, ECF No. 4. "To succeed on a FDCPA claim, a plaintiff must demonstrate that '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt [ ] collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.' " *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759 (D. Md. 2012) (quoting *Dikun v. Streich*, 369 F. Supp. 2d 781, 784–85 (E.D. Va. 2005)). FDCPA claims must be viewed from the perspective of the "least sophisticated debtor." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 408 (4th Cir.1999). "Although naive, the least sophisticated debtor is not 'tied to the very last rung of the intelligence or sophistication ladder.' " *Johnson v. BAC Home Loans Servicing*, 867 F.Supp.2d 766, 776 (E.D.N.C.2011) (quoting *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir.2009)); *see also United States v. Nat'l Financial Services Inc.*, 98 F.3d 131, 136 (4th Cir. 1996).

---

[3] Plaintiffs appeared before this Court contesting the foreclosure on the Property three previous occasions. *See BBW Law Group, LLC, et al, v. Pierre Hicks et al*, No. DKC 16-2218, 2016 WL 4078019 (Aug. 1, 2016, D. Md.); *Pierre Hicks et al v. BWW Law Group et al*, PWG-16-2859, 2016 WL 5957556 (Oct. 13, 2016 D. Md.).

The Court initially addresses the Plaintiffs' failure to plausibly allege how the lion's share of named Defendants can be construed as debt collectors under the FDCPA. A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "[C]reditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." *Offiah v. Bank of Am., N.A.*, No. DKC 13-2261, 2014 WL 4295020, at *5 (D. Md. Aug. 29, 2014) (quoting *Scott v. Wells Fargo Home Mortg. Inc.,* 326 F. Supp. 2d 709, 718 (E.D. Va. 2003)); *see also* 15 U.S.C.A. § 1692a(6). Law firms and lawyers acting in connection with a foreclosure may, in certain circumstances, qualify as "debt collectors" under the FDCPA. *Stewart*, 859 F. Supp. 2d at 761 (citing *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 375 (4th Cir. 2006)). However, the FDCPA "should not be assumed to compel absurd results," such as barring debt collecting lawsuits or barring communication between a creditor's lawyer and a debtor-consumer. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 599–600 (2010).

Beginning with Defendant ACAI, Plaintiffs do not aver any facts to demonstrate how they are "debt collectors" under the FDCPA. *See* Am. Comp., ECF No. 4 at ¶ 2. ACAI is an auction house, and its involvement with the Property is limited to holding of a public auction pursuant to court order. *See Ward et al v. Tanya Hicks et al*, Case No. 411672V (2016); Amended Compl., ECF No. 4 at ¶ 9. This does not render ACAI a "debt collector" as required by the FDCPA. *See* 15 U.S.C. § 1692a(6). Thus, the FDCPA claims as to Defendant ACAI are dismissed.

Sara Tussey acted as counsel for ACAI in the State Foreclosure Action and is sued as ACAI's "co-conspirator," based on her "making appearances without the expressed consent of the Consumers or a court of competent jurisdiction to communicate with the Consumers." Amended Compl., ECF No. 4 at 3. Plaintiffs, however, fail to allege any facts demonstrating how Tussey is a debt collector under the FDCPA. *See* Amended Compl., ECF No. 4. At bottom, Plaintiffs allege that Tussey acted as ACAI's agent. Thus, because ACAI has not properly been identified as a debt collector, allegations as to Tussey suffer from the same fatal flaw. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 599–600 (2010).

Plaintiffs Amended Complaint as to Defendants Maryland Circuit Court Judges as well as against Barbara H. Meikejohn, the Montgomery County Court Clerk, suffers from an even more fundamental problem in that they are all immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Kincaid v. Vail*, 969 F.2d 594, 600–01 (7th Cir. 1992) (noting that "court officials who act at the behest of a judge or pursuant to a court order are entitled to absolute quasi-judicial immunity from suit to those actions.") (quoting *Forte v. Sullivan*, 935 F.2d 1, 3 (1st Cir. 1991)). Accordingly even if the Amended Complaint could be construed as plausibly alleging these particular Defendants are debt collectors, which it does not, the judicial immunity doctrine forecloses this action against them. *See* Amended Compl., ECF No. 4 at ¶ 17.

Similarly, as to Montgomery County Sheriff, Darren M. Popkin, the claimed violations center on his having served Plaintiffs with an eviction notice. *Id.* at ¶ 19. It is well settled in Maryland that county sheriffs are state officials. *See* Md. Const. art IV § 44; *see also Rucker v. Harford County*, 316 Md. 275 (1989) (concluding after analysis of Maryland's Constitution and Code that a sheriff and his deputies are state employees); *State v. Card*, 104 Md. App. 439, 444–45 (1995). Further, Popkin's alleged wrongdoing centrally involves his role as a law

enforcement officer in serving an eviction notice.  Because a state official acting in his or her official capacity is, without more, immune from suit under the Eleventh Amendment of the United States Constitution, Popkin's claims likewise must be dismissed.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Alternatively, even if the Court assumes that somehow Defendant Popkin was effectuating service in his personal capacity, Plaintiffs have pleaded no facts which support that he functioned as a "debt collector" under the FDCPA.  Accordingly, the FDCPA claims against Popkin fail.  *See* ECF No. 4 at ¶ 19.

By contrast, the Substitute Trustees and BWW Law Defendants are subject to the FDCPA as substitute trustees and lawyers foreclosing on a deed of trust.  *See Okoro v. Wells Fargo Bank, N.A.*, No. PX-16-0616, 2016 WL 5870031 (Oct. 6, 2016 D. Md).  Accordingly, the Court must address the sufficiency of the allegations against them.  As to the BWW Law Defendants, Plaintiffs allege that they violated § 1692c of the FDCPA by "making appearances without the expressed consent of the Consumers," Amended Compl., ECF No. 4 at ¶ 15, and "fil[ing] in Bankruptcy Court a Motion to Release from Stay the injunctive relief [sic] under the FDCPA, which was granted on January 23, 2017."  *Id.* at ¶ 14.  Section 1692 requires a debt collector to cease further written communication with a consumer if the consumer notifies the debt collector in writing that they refuse to pay a debt or wish the debt collector to cease further communication with the consumer.  15 U.S.C. § 1692c.  Although Plaintiffs do not offer any factual support for their claims, the Court infers that the §1692c claims relate to BWW Law's representation of Substitute Trustees in preceding cases.

Plaintiffs seem to allege that §1692c prohibits all collection activity once Plaintiffs request such activity to cease, even if the activities entail foreclosure procedures warranted by law.  Importantly, lawyers may act on behalf of their clients in debt collection lawsuits within the

9

boundaries of professional conduct and the law. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 599–600 (2010). Plaintiffs here offer no facts to support that the BWW Law Defendants exceeded the bounds of the law in representing their clients in the State Foreclosure Action. Thus, this claim against them must fail.

As to the Substitute Trustees, the Amended Complaint alleges that the Defendants "initiated a non-judicial debt collection action" in violation of 15 U.S.C. § 1692i, which requires debt collectors to bring such a collection action "in a competent judicial court." Amended Compl, ECF No. 4 at ¶4. In pertinent part, §1692i(a)(1) requires creditors "in the case of an action to enforce an interest in real property securing the consumer's obligation," to "bring such action only in a judicial district or similar legal entity in which such real property is located." 15 U.S.C. §1692i. Here public records[4] reflect that Defendants brought the foreclosure action in the judicial district in which the Property was located. Thus the foreclosure action does not run afoul of §1692i. *See Ward et al v. Tanya Hicks et al*, Case No. 411672V (2016). This claim, too, must be dismissed.

Plaintiffs also allege that the Substitute Trustees violated § 1692g by failing to respond to the Plaintiffs' request for verification and validation of the alleged debt. Amended Compl., ECF No. 4 at ¶6. Section 1692g requires a debt collector to send written notice to a consumer (1) specifying the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that if the consumer does not dispute the debt or any portion thereof within thirty (30) days of receipt of the notification that the debt is presumed valid, (4) a statement that if the consumer timely disputes the debt, the debt collector will obtain verification of the debt and mail

---

[4] Fed. R. Evid. 201(b)(2) permits the Court to take judicial notice of "fact[s] that [are] not subject to reasonable dispute because [they] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," such as matters of public record. Fed. R. Evid. 201(b)(2); see *Alston v. Wells Fargo Home Mortg.,* No. TDC-13-3147, 2016 WL 816733, at *1 n.1 (D. Md. Feb. 26, 2016).

the same to the consumer; and (5) a statement that upon the consumer's timely request, the debt collector will provide to the consumer the name and address of the original creditor. 15 U.S.C. § 1692g. Debt collectors are required to send this written notice to consumers within five days of initial communication with the consumer. *Id.*

Plaintiffs attach to the original Complaint a letter postmarked to Defendants March 21, 2016. *See* ECF No. 1-2. Plaintiffs do not allege that the March 21 letter is a timely response to a debt collection notice. *See* ECF No. 1-2. Instead, Plaintiff appears to misread the statute to require Defendants to respond to *any* debt validation request by Plaintiff. Amended Compl., ECF No. 4; *see* 15 U.S.C. § 1692g. These conclusory allegations, based on Plaintiffs' misunderstanding of FDCPA's requirements, do not establish a plausible claim.

As to the remaining claims against Substitute Trustees under 15 U.S.C. §§ 1692f(6) and 1692d, the Plaintiffs do not identify, let alone plausibly allege, *any* non-judicial actions by Defendants that violate § 1692f's prohibition on "unfair or unconscionable means." 15 U.S.C. § 1692f. Defendants' pursuit of a valid foreclosure action, standing alone, does not violate § 1692f. *Id.* Similarly, Defendants' continued efforts to take possession of property to which it is legally entitled, and through legal means, does not violate the FDCPA. *See, e.g., Okoro*, 2016 WL 5870031 at *10; Amended Compl., ECF No.4 at ¶ 7 (alleging Defendants "continue to make a physical threat to seize, dispossess, and disable private personal property belonging to the Consumers."). Consequently, the remaining FDCPA claims against the Substitute Trustees must be dismissed.

Finally, apart from the FDCPA claims – of which none survive challenge – Plaintiffs also move to vacate the judgment in the State Foreclosure Action. ECF No. 4 at 5 ("Consumers move to vacate debt collection Case No: 411672V in the Circuit Court for Montgomery Country

per Federal Rules 12b(1)-(7)"). It is not at all clear on what legal grounds Plaintiffs claim to be entitled to this relief. Thus, because this request is wholly without support in the law, it is denied.

## IV. CONCLUSION

Because Plaintiffs have failed to state a claim in their Amended Complaint, after multiple opportunities to litigate this matter, Defendants' motions to DISMISS are GRANTED and the Court shall DISMISS this case with prejudice. A separate Order follows.


 10/24/2017                                             /S/
Date                                               Paula Xinis
                                                  United States District Judge